**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

```
_____
                               )
CONROY LEWIS,                  )
                               )
          Petitioner,          )
                               )    Civil Action
v.                             )    No. 20-10848-PBS
                               )
STEVEN J. SOUZA,               )
                               )
          Respondent.          )
_____)
```

**MEMORANDUM AND ORDER**

May 19, 2020

Saris, D.J.

**INTRODUCTION**

Petitioner Conroy Lewis brings this habeas petition seeking relief pursuant to the Court's declaratory judgment in Reid v. Donelan, 390 F. Supp. 3d 201 (D. Mass. 2019) ("Reid"). Petitioner argues that his mandatory detention under 8 U.S.C. § 1226(c) has become unreasonably prolonged and that he is entitled to a bond hearing before an immigration judge.

For the reasons stated below, the Court hereby **DENIES** without prejudice Lewis's petition (Docket No. 1).

**LEGAL STANDARDS**

Under 8 U.S.C. § 1226(c), the Government "shall take into custody" any noncitizen who is inadmissible or deportable based

1

on a conviction for "certain crimes of moral turpitude, controlled substance offenses, aggravated felonies, firearm offenses, or acts associated with terrorism." Reid, 390 F. Supp. 3d at 213 (quoting 8 U.S.C. § 1226(c)(1); Gordon v. Lynch, 842 F.3d 66, 67 n.1 (1st Cir. 2016)). The statute does not allow for conditional release on bond, except in the limited circumstance of witness protection. See 8 U.S.C. § 1226(c)(2).

Nonetheless, "mandatory detention under § 1226(c) without a bond hearing violates due process when an alien's individual circumstances render the detention unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

In Reid v. Donelan, this Court certified a class of "[a]ll individuals who are or will be detained within the Commonwealth of Massachusetts or the State of New Hampshire pursuant to 8 U.S.C. § 1226(c) for over six months and have not been afforded an individualized bond or reasonableness hearing." No. 13-30125-PBS, 2018 WL 5269992, at *8 (D. Mass. Oct. 23, 2018). Pursuant to this Court's subsequent declaratory judgment, any member of the Reid class may "bring a habeas petition in federal court to challenge his detention as unreasonably prolonged." Reid, 390 F. Supp. 3d at 227.

The reasonableness of a petitioner's continued detention without a bond hearing under § 1226(c) must be analyzed on a

2

case-by-case basis. See id. at 219. The following nonexclusive factors are relevant in determining the reasonableness of continued mandatory detention:

> [T]he total length of the detention; the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); the period of the detention compared to the criminal sentence; the promptness (or delay) of the immigration authorities or the detainee; and the likelihood that the proceedings will culminate in a final removal order.

Id. (citation omitted).

Of these factors, the length of the petitioner's detention is "the most important." Id. Mandatory detention is "likely to be unreasonable if it lasts for more than one year during removal proceedings before the agency, excluding any delays due to the alien's dilatory tactics." Id. Detention of less than one year may be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

If a petitioner's mandatory detention has been unreasonably prolonged, the petitioner "is entitled to a bond hearing before an immigration judge." Id. At that hearing,

> [T]he Government [must] prove that the alien is either dangerous by clear and convincing evidence or a risk of flight by a preponderance of the evidence. The immigration court may not impose excessive bail, must evaluate the alien's ability to pay in setting bond, and must consider alternative conditions of release such as GPS monitoring that reasonably assure the safety of the community and the alien's future appearances.

Id. at 228.

**FACTS**

I. **Legal Status and Criminal History**

Petitioner is a citizen of Jamaica. He entered the United States in 2004 as a lawful permanent resident.

In September 2008, Petitioner was charged with possession of marijuana, failure to appear, and a probation violation. He was convicted and sentenced to one year in jail, of which he served six months. In August 2010, Petitioner was convicted of breach of peace, strangulation in the third degree, unlawful restraint, and reckless endangerment. He was sentenced to one year, suspended, with two years' probation. Petitioner was convicted of criminal trespass in March 2012 and sentenced to one year, suspended. In June 2013, Petitioner was convicted of threatening and sentenced to one year, suspended, and two years of conditional discharge. A few months later, in October 2013, Petitioner was convicted of possession of marijuana, for which he was sentenced to one year, suspended, and two years of conditional discharge.

Petitioner's criminal history continued several years later. On June 6, 2017, Petitioner was charged with possession with intent to distribute. He was convicted on July 17, 2017 and sentenced to three years, suspended, and two years of conditional discharge. On October 17, 2017, Petitioner was convicted of carrying a dangerous weapon and a probation

violation and was sentenced to three years, suspended, and two years of probation. Petitioner next was arrested on November 21, 2017 for breach of peace and then again on November 30, 2017 for possession with intent to distribute. On the distribution charge, he received a sentence of five years, suspended, and two years of conditional discharge. All of Petitioner's drug charges have been related to marijuana.

Finally, on June 11, 2019, Petitioner was charged with breach of peace and threatening. Both charges are pending.

## II.   Immigration Detention and Proceedings

Petitioner has been held in immigration detention since August 8, 2019 at Bristol County House of Corrections.

Petitioner had an initial hearing on September 10, 2019. The immigration judge ("IJ") reset his case for a week to allow Petitioner to seek an attorney. On September 17, 2019, the IJ reset his case for two days and then again for seven days to allow ICE to determine whether Petitioner had previously obtained U.S. citizenship through his stepmother.

On September 26, 2019, ICE informed the IJ that Petitioner did not have a claim for derivative citizenship. At the same hearing, Petitioner expressed fear of returning to Jamaica. The IJ determined that Petitioner was ineligible for most forms of relief due to his controlled substance convictions but provided Petitioner with an application for protection from removal under

the Convention Against Torture. On October 10, 2019, Petitioner filed a pro se application to seek protection from removal. The IJ held a merits hearing with testimony from Petitioner on November 8, 2019. At the close of the hearing, the IJ denied Petitioner's application for relief in an oral decision. However, while informing Petitioner of his right to appeal, she added that she "[thought] somebody else should look at the evidence and make sure [she was] not mistaken." Dkt 13-2 at 106.

Petitioner filed a notice of appeal with the Bureau of Immigration Appeals ("BIA") on November 25, 2019. Petitioner's appellate brief was due on February 5, 2020. However, Petitioner had obtained legal counsel only eight days earlier, so his attorney sought an extension of time. The deadline was extended to February 26, 2020. On May 7, 2020, ICE filed a motion to expedite. The appeal remains pending.

## DISCUSSION

Petitioner argues he is entitled to a bond hearing before an immigration judge because his mandatory detention is "unreasonably prolonged in relation to its purpose in ensuring the removal of deportable criminal aliens." Reid, 390 F. Supp. 3d at 219.

### I. Length of Detention

The length of a petitioner's mandatory detention is "the most important factor" in determining its reasonableness. Id.

Detention of over a year is "likely to be unreasonable," but "[p]eriods of detention directly attributable to an alien's dilatory tactics should not count in determining whether detention has exceeded the one-year mark." Id. at 219-20.

Here, Petitioner has been detained since August 8, 2019 or approximately nine and a half months. Although he has not engaged in dilatory tactics, his detention falls below the one-year mark and is not yet presumptively unreasonable.

## II. Other Relevant Factors

In assessing the reasonableness of Petitioner's mandatory detention, the Court also considers "[1] the foreseeability of proceedings concluding in the near future (or the likely duration of future detention); [2] the period of the detention compared to the criminal sentence; . . . and [3] the likelihood that the proceedings will culminate in a final removal order." Reid, 390 F. Supp. 3d at 219 (numbering added). Detention under a year may also be unreasonable "if the Government unreasonably delays or the case languishes on a docket." Id. at 220.

The Reid factors here are mixed but, overall, weigh against a finding of unreasonableness at this time. Petitioner's appeal is at an advanced stage, with briefing submitted. In addition, the IJ denied Petitioner's application for relief, which is the best guide available to this Court regarding the likelihood that Petitioner's proceedings will culminate in a final removal

7

order. However, the Court notes that the IJ seemed to consider the case a close one, saying that "somebody else should look at the evidence and make sure [she was] not mistaken." Dkt 13-2 at 106. Also weighing in Petitioner's favor is the fact that the length of his immigration detention exceeds the time he spent in criminal incarceration. Nonetheless, the time he has spent in immigration detention is not grossly disproportionate to his six-month term of incarceration, particularly in light of the multiple suspended sentences in his record.

In addition, the Government has not unreasonably delayed Petitioner's proceedings, nor has his case languished on a docket. Petitioner notes that ICE delayed proceedings by requesting time to collect information about Petitioner's citizenship. The two continuances requested for that purpose amounted to a delay of nine days — such delay is not unreasonable.

Finally, Petitioner argues that the current COVID-19 pandemic renders his continued detention without a bond hearing unreasonable under Reid. While the Court may weigh the impact of COVID-19 in deciding whether the proceedings are unreasonably prolonged under the Due Process clause, that factor does not outweigh the others in the Reid analysis here. Petitioner does not suffer from any preexisting conditions that render him particularly vulnerable to severe illness from the COVID-19

virus. Furthermore, Petitioner already sought release based on the current public health crisis in a separate action before another judge of this Court and was denied release on April 22, 2020. See Savino v. Souza, No. 20-cv-10617-WGY (Docket No. 112).

**ORDER**

Petitioner's mandatory detention under 8 U.S.C. § 1226(c) has not been unreasonably prolonged and Petitioner therefore is not entitled to a bond hearing before an immigration judge at this time. The petition for a writ of habeas corpus [Docket No. 1] is accordingly **DENIED** without prejudice.

SO ORDERED.

/s/ PATTI B. SARIS
Patti B. Saris
United States District Judge